UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID D'AMICO,

                      Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**18-CV-110F**
(**consent**)

APPEARANCES:               LAW OFFICES OF KENNETH R. HILLER, PLLC
                                 Attorneys for Plaintiff
                                 KENNETH R. HILLER, and
                                 MARY ELLEN GILL, of Counsel
                                 6000 North Bailey Avenue
                                 Suite 1A
                                 Amherst, New York  14226

                                 JAMES P. KENNEDY, JR.
                                 UNITED STATES ATTORNEY
                                 Attorney for Defendant
                                 Federal Centre
                                 138 Delaware Avenue
                                 Buffalo, New York  14202
                                       and
                                 SERGEI ADEN, and
                                 SUSAN JANE REISS,
                                 Special Assistant United States Attorneys, of Counsel
                                 Social Security Administration
                                 Office of General Counsel
                                 26 Federal Plaza
                                 Room 3904
                                 New York, New York  10278
                                       and

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING, and
NICOL FITZHUGH,
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 E. 12TH Street
Room 965
Kansas City, Missouri 64106

## JURISDICTION

On May 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 7). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on June 29, 2018 (Dkt. 8), and by Defendant on September 27, 2018 (Dkt. 14).

## BACKGROUND

Plaintiff David D'Amico ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on February 28, 2014, for Social Security Disability Insurance under Title II of the Act ("SSDI" or "disability benefits"). Plaintiff alleges he became disabled on September 24, 2013, based on sciatica, chronic pain, central protrusion of the L5 & S1 discs, and depression. AR[2] at 24, 153-54, 172, 176. Plaintiff's application initially was denied on July 14, 2014, AR at 101-09, and at Plaintiff's timely request, on July 20, 2016, a hearing was held in Buffalo, New York, before administrative law judge Bryce Baird ("the ALJ). AR at 41-87. Appearing and

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on May 15, 2018 (Dkt. 5).

2

testifying at the hearing were Plaintiff, and his then attorney, Mark Dlugopolsky, Esq., and vocational expert ("VE") Joanne White who appeared by telephone. Following the administrative hearing, Plaintiff, at the ALJ's request, underwent a consultative examination, and the additional medical evidence was entered into the record for the ALJ's consideration.

On February 16, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 21-40 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council. AR at 152. On November 24, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-7. On January 23, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On June 29, 2018, Plaintiff moved for judgment on the pleadings (Dkt. 8) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 8-1) ("Plaintiff's Memorandum"). On September 27, 2018, Defendant moved for judgment on the pleadings (Dkt. 14) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 14-1) ("Defendant's Memorandum"). Filed on October 18, 2018, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 15) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff David D'Amico ("Plaintiff" or "D'Amico"), born April 10, 1962, was 51 years old as of September 4, 2013, his alleged disability onset date ("DOD"), and 54 years old as of February 22, 2017, the date of the ALJ's decision. AR at 24, 153, 176. Plaintiff lived with his spouse and adult son. AR at 59-60, 62. In April 2014, Plaintiff purchased a restaurant for his clinically depressed son to operate, with Plaintiff's assistance with procurements and accounts receivables, and the restaurant's laundry. AR at 60-62. It is undisputed that Plaintiff has bilateral avascular necrosis (death of bone from loss of blood supply) of the hips and underwent surgical right hip replacement on September 2, 2014. AR at 381-85. Since his surgery, Plaintiff has taken a 24-day cruise, AR at 59, 355, and traveled to Florida for nine weeks. AR at 364. Plaintiff can drive, AR 484, and ambulates with the assistance of either a cane or walker, which his primary care physician, Matthew Wehr, M.D. ("Dr. Wehr"), considered medically necessary. AR at 56, 334. Plaintiff is a college graduate with previous work experience in sales including as a regional sales manager and as vice president of sales for a multimedia company. AR at 75-76, 177.

## **DISCUSSION**

### 1.     **Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

4

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*. "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.      Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether,

given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found that Plaintiff met the Act's insured status requirement for SSDI through December 31, 2018, AR at 26, Plaintiff has not engaged in substantial gainful activity since September 24, 2013, his alleged disability onset date, *id.*, Plaintiff suffers from the severe impairments of sciatica, bilateral hip pain with right hip replacement in 2014, asthma, and L5-S1 disc herniation, *id.*, but that despite raising at the administrative hearing right knee issues and right knee pain, no right knee impairment was ever formally diagnosed, *id.* at 27, and Plaintiff declined medication and counseling after being diagnosed on February 9, 2015 with major depressive disorder, such that the depressive disorder resulted in no limitations in basic work activities and, as such, is not a severe impairment. AR at 27-28. The ALJ further found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in Appendix 1, *id.* at 28-29, and that Plaintiff retains the RFC to perform sedentary work provided he has the option to sit or stand, with the need to stand or walk after sitting for 20 minutes, and to sit for 20 minutes after 15 minutes of standing or walking, no use of foot controls with either foot, occasionally climb ramps and stairs, balance with the use of a handheld assistive device, stoop,

kneel, or crouch, no crawling or climbing ladders, ropes or scaffolds, and no exposure to excessive cold, heat, moistures, humidity, or vibration, no concentrated exposure to pulmonary irritants such as odors, fumes, dust, gases, or poor ventilation, or to hazards such as unprotected heights or moving machinery, AR at 29-34, including Plaintiff's past relevant work ("PRW"), as a vice president of sales, AR at 34-35, such that Plaintiff is not disabled as defined under the Act. *Id.* at 35.

The essence of Plaintiff's claim is that the ALJ failed to properly evaluate the impact of Plaintiff's bilateral hip pain and low back pain on Plaintiff's ability to perform substantial gainful employment. In particular, Plaintiff contests the ALJ's RFC assessment, arguing the ALJ ignored the opinion of licensed, registered occupational therapist ("OTR") Rachel Golombek ("OTR Golombek"), Plaintiff's Memorandum at 11, and failed to properly weigh the opinion of Plaintiff's treating physician Matthew Wehr, M.D. ("Dr. Wehr"). *Id.* at 11-15. Defendant argues the ALJ was not required to consider OTR Golombek's opinion because under the regulations in effect as of the date of the ALJ's decision OTR Golombek did not qualify as an "acceptable medical source," Defendant's Memorandum at 25, and the ALJ implicitly considered OTR Golombek's opinion insofar as Dr. Wehr's opinion relied on it, *id.* and that substantial evidence supports the weight the ALJ afforded Dr. Wehr's opinion in assessing Plaintiff's RFC. *Id.* at 21-26. In reply, Plaintiff rejects Defendant's assertion that the ALJ implicitly considered OTR Golombek's opinion, Plaintiff's Reply at 1-2, and that despite not being an "acceptable medical source," the ALJ was required to evaluate "every medical opinion," *id.* at 2-3, but offers no further opinion on the ALJ's consideration of Dr. Wehr's opinion. *Id.* at 1. Plaintiff's arguments are without merit.

**OTR Golombek**

With regard to OTR Golombek, on March 3, 2016, OTR Golombek conducted a physical evaluation of Plaintiff's functional capacity, assessing Plaintiff with the ability to stand for no more than one third of the workday, stand for less than 20% of the workday, and walk for less than 15 % of the workday, and further assessed Plaintiff with the ability to lift and carry below the threshold for sedentary work.[5]  AR at 482-85.  As Defendant argues, Defendant's Memorandum at 25, under the relevant regulations in effect as of the date of the ALJ's decision, OTR Golombek did not qualify as an "acceptable medical source."  *See* 20 C.F.R. § 404.1502(a)(1) and (2) (defining "acceptable medical sources" to include only a licensed physician or licensed psychologist).  Significantly, "[a]ccording to Social Security Ruling 06-3p, 'only 'acceptable medical sources' can be treating sources . . . whose medical opinions may be entitled to controlling weight.'"  *Genier v. Astrue*, 298 Fed.Appx. 105, at 108 (2d Cir. Nov. 5, 2008) (quoting SSR 06-03p,[6] 2006 WL 2329939, at *1-2 (Aug. 9, 2006)).  Accordingly, because OTR Golombek is neither a licensed physician nor licensed psychologist, she does not qualify as an acceptable medical source under the relevant regulations, and her opinion "do[es] not demand the same deference of those of a treating physician."  *Genier*, 298 Fed.Appx. at 108 (citing *Mongeur v. Heckler*, 722 F.2d

---

[5] As defined under the regulations, "sedentary" work
> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carryout job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

[6] "SSR" is the acronym for "Social Security Rulings" which are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. Such rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted."  20 C.F.R. § 402.35(b)(1).

1033, 1039 n. 2 (2d Cir. 1983)).  Rather, OTR Golombek is considered to be an "other medical source," whose information "cannot establish the existence of a medically determinable impairment" but which "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."  SSR 06-3p, 2006 WL 2329939, at *2.  Insofar as Plaintiff maintains, Plaintiff's Memorandum at 11, the ALJ was not permitted to totally disregard OTR Golombek's opinion, although the ALJ is required to "evaluate every medical opinion" received "regardless of its source," 20 C.F.R. § 404.1527(c), "medical opinions" are defined as "statements from acceptable medical sources," 20 C.F.R. § 404.1527(a)(1), which, as discussed above, include only licensed physicians and licensed psychologists, 20 C.F.R. § 404.1502(a)(1) and (2), but not a licensed, registered occupational therapist like OTR Golombek.  Significantly, the cases on which Plaintiff relies in support of his argument on this point, including *Palmer v. Berryhill*, 2018 WL 797281, at * 3 (W.D.N.Y. Feb. 9, 2018), and *Penal v. Chater*, 968 F.Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998), are inapposite as in such cases, the ALJ's failure to consider an opinion from an "other medical source" was not at issue and the referenced statements were therefore mere *dicta*. Accordingly, even if the ALJ failed to consider OTR Golombek's consultative report, such failure did not run afoul of applicable regulations.

**Dr. Wehr**

Plaintiff argues the ALJ failed to properly weigh the March 31, 2016 opinion of Plaintiff's treating physician Dr. Wehr and failed to provide good reasons for rejecting the opinion.  Plaintiff's Memorandum at 11-15.  Defendant responds the ALJ reasonably discounted Dr. Wehr's opinion in light of other evidence in the record, including the

opinion of consultative physician Michael Rosenberg, M.D. ("Dr. Rosenberg"), that suggested less restrictive limitations than found by Dr. Wehr. Defendant's Memorandum at 21-27. Plaintiff does not argue in further support on this issue.

Generally, the opinion of a treating physician is entitled to significant weight, but is not outcome determinative and only entitled to significant weight when "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record.'" *Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed.Appx. 34, 35 (2d Cir. Dec. 1, 2017) (*quoting Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008), and 20 C.F.R. § 404.1527(d)(2)). Where, however, the ALJ discounts a treating physician's opinion, the ALJ must set forth "good reasons" for doing so. *Burgess*, 537 F.3d at 129 (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). Here, substantial evidence in the record establishes the ALJ did not violate the treating physician rule.

In particular, in Dr. Wehr's March 31, 2016 medical source statement, Plaintiff was reported as having functional limitations below the requirements for sedentary work, particularly with regard to sitting and standing. AR at 334-35. Dr. Wehr assessed Plaintiff as able, within an 8-hour workday, to sit for 0-2 hours, and stand or walk for two hours, must alternate between sitting and standing every 20 minutes to relieve pain and discomfort, could only occasionally lift and carry less than 10 lbs., and required unscheduled 10-minute breaks once or twice an hour, and at least two 20-minute reclining breaks each 8-hour workday. AR at 334. In discounting this opinion, the ALJ found it was inconsistent with Dr. Wehr's own treatment records, AR at 336-400, and a plain review of such records supports the ALJ's decision. For example, in a Routine

11

Progress Note dated August 26, 2015, Dr. Wehr reported Plaintiff's "walking has increased to 6 miles a day and does not help or worsen the pain he experiences in the hip region and down both legs to the level of his knees." AR at 361. Plaintiff also swam, and reported "[g]etting used to the pain" and declined to use pain medication. *Id.*

The ALJ further considered that after his right hip replacement, Plaintiff traveled on a 24-day cruise, and for nine weeks to Florida, AR at 33 (citing AR at 59, 63, 355, 364), helped run his son's restaurant, spending several hours a week procuring and purchasing restaurant supplies, reporting to Dr. Wehr on May 11, 2015, that he spends significant time at the restaurant. *Id.* (citing AR at 358). Plaintiff testified that he was able to fly to Florida to board the cruise ship, and that while on the cruise he took cooking classes lasting 20 minutes to an hour, which he was able to tolerate because he could alternate between sitting and standing. AR at 63-64. The ALJ also found Dr. Wehr's assessment to be internally inconsistent insofar as Plaintiff was assessed with the ability to stand and walk (two hours each) for longer than he could sit (up to two hours) AR at 34.

Further, the ALJ is permitted to rely on a consultative examiner's opinion that is based on a physical examination and is consistent with other evidence in the record. *See Tankisi v. Comm'r of Soc. Sec.*, 521 Fed.Appx. 29, 32 (2d Cir. Apr. 2, 2013) ("A consultative examination is used to 'try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision' on the claim.") (quoting 20 C.F.R. §§ 404.1519a(b), 416.919a(b)). Here, at the ALJ's request, Dr. Rosenberg, a consultative orthopedic specialist, examined Plaintiff on July 29, 2016, and found Plaintiff with the RFC for work consistent with "light"

exertion,[7] including sitting four hours a day, and standing and walking for three hours a day for a total of six hours, despite also finding Plaintiff's use of a cane to ambulate was medically necessary, and concluding that Plaintiff has moderate to severe restrictions for activities involving prolonged and uninterrupted standing, walking, squatting, and kneeling, secondary to moderate to severe bilateral hip pain and mild back pain.  AR at 509-17.  The ALJ's RFC assessment was more restricted than that of Dr. Rosenberg.  Accordingly, the ALJ did not violate the treating physician rule, and his reliance on Dr. Rosenberg's opinion that Plaintiff retained the RFC for sedentary work with a sit/stand option is consistent with substantial evidence in the record, thereby supporting the ALJ's determination that Plaintiff is not disabled.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 8) is DENIED; Defendant's Motion (Dkt. 14) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:June 19th, 2019
Buffalo, New York

---

[7] "Light" work

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).